**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------- X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC
HERBST, DENISE RICHARDSON, ANTHONY D'AQUILA,     **ORDER**
THOMAS F. CORBETT, THOMAS GESUALDI, LOUIS         11-CV-1157 (ADS) (AKT)
BISIGNANO, DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training Trust Fund, and
the Local 282 Vacation and Sick Leave Trust Fund,

                              Plaintiffs,

      -against-

ALL AMERICAN TRUCKING SERVICES, INC. d/b/a ALL
AMERICAN TRUCKING INC.,

                              Defendant.
----------------------------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss and Simon LLP**
*Attorneys for the plaintiffs*
330 West 42nd Street
New York, NY 10036
      By:  Peter Herman, Esq.
          Michael Seth Adler, Esq., Of Counsel

**NO APPEARANCE:**
All American Trucking Services, Inc. d/b/a All American Trucking Inc.

**SPATT, District Judge.**

      On March 11, 2011, the plaintiffs commenced this action against the defendant seeking to

collect delinquent employee benefit plan contributions owed by the defendant and to conduct an

audit of the books and records of the defendant and certain of its affiliates for the period

September 1, 2007 through June 30, 2008.  On June 2, 2011, the Court entered a default

judgment against the defendant, All American Trucking Services, Inc. d/b/a All American

Trucking, Inc., and referred the matter to United States Magistrate Judge A. Kathleen Tomlinson for an inquest as to damages, including reasonable attorneys' fees and costs.

On February 17, 2012, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that an order be issued directing the defendant and certain affiliated companies identified in the complaint to permit an audit of their books and records for the period from September 1, 2007 through June 30, 2008 within a time period prescribed by the Court.  If the defendant and its affiliated companies fail to submit to an audit of their records within the specified time period, Judge Tomlinson recommended that the Court issue an order awarding the plaintiffs:

1) $84,015.68 for unpaid benefit contributions;
2) interest on the delinquent benefit contributions in the amount of $45,437.66 plus $41.43 per diem from April 8, 2011 until the date judgment is entered;
3) liquidated damages in the amount of $45,437.66 plus $41.43 per diem from April 8, 2011 until the date judgment is entered;
4) $350 in audit fees;
5) $5,205.40 in attorney's fees;
6) $699.57 in costs; and
7) post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

(Report at 17–18.)  To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed

Judge Tomlinson's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED**, that the defendant and its affiliated companies are directed to permit an audit of their books and records within thirty days of the date this order is entered, and it is further

**ORDERED**, that the plaintiffs are given sixty days from the date that this order is entered to inform the Court whether the defendant and its affiliated companies have complied with the order, and, if the defendant and it is affiliated companies failed to submit to the audit within the specified time, the Court will enter an order awarding the plaintiffs damages as recommended in the Report.

**SO ORDERED.**

Dated: Central Islip, New York
       March 28, 2012

                                                   ___/s/ Arthur D. Spatt_____
                                                       ARTHUR D. SPATT
                                                   United States District Judge

3